**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0335** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **RICHARD SOTO** | : | |

## MEMORANDUM

Presently before the court is defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Defendant asserts that he received ineffective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution.  (Doc. 146 at 4.)  Specifically, defendant claims that he instructed his counsel, Attorney Edward Rymsza ("Attorney Rymsza"), to file a direct appeal of his sentence, but Attorney Rymsza disregarded this request.  (Id.)  Because the record contradicts defendant's claim, the court will deny defendant's motion.

## I.    Factual Background

On August 24, 2005, a grand jury returned an indictment charging defendant with distribution of heroin and possession of heroin with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  (Doc. 1 at 1.) Defendant negotiated a plea agreement with the government (see Doc. 83) and, on

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

November 22, 2005, pled guilty to the crime charged in the indictment (Doc. 88).  On

April 10, 2006, the court sentenced defendant to 110 months' imprisonment to be

followed by three years of supervised release.  (Doc. 125.)  Attorney Rymsza spoke

with defendant about his appellate rights at the conclusion of the sentencing

hearing (Jan. 29, 2008 Hr'g Tr. at 10, 24-25, 28, 31, 43), both in the courtroom (id. at

31, 43) and in the holding cell where defendant was being housed pending his

return to Dauphin County Prison (id. at 31-32, 43).  It is undisputed that, during

these conversations, Attorney Rymsza instructed defendant that there were no

meritorious grounds upon which to base an appeal.  (Id. at 10, 25, 32, 40.)  The

parties dispute whether defendant nonetheless instructed Attorney Rymsza to file

an appeal but agree that no such appeal was filed.

On March 7, 2007, defendant filed the instant motion to vacate or amend his

sentence pursuant to 28 U.S.C. § 2255.  (Doc. 146.)  After considering the parties'

arguments (see Docs. 146, 151, 153), the court held an evidentiary hearing to

determine a dispositive factual question raised by the parties' briefs, namely,

whether defendant asked Attorney Rymsza to file a notice of appeal (see Docs. 165,

172).  See also Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001) (concluding

court should hold an evidentiary hearing to determine whether the defendant

requested that counsel file a notice of appeal).

At the hearing, defendant testified that he told Attorney Rymsza that he

wanted to file an appeal immediately after his sentencing hearing.  (Tr. at 31, 32.)

Furthermore, defendant's wife, Charene Soto ("Charene"), testified that she called

2

Attorney Rymsza two days after the sentencing hearing and told him that her husband wanted to appeal his sentence.[2]  (Id. at 25.)

The testimony of Attorney Rymsza contradicts the aforementioned evidence proffered by defendant.  First, Attorney Rymsza testified that, to the best of his recollection, defendant did not request an appeal.  In support of his testimony, Attorney Rymsza produced a letter which he sent to defendant after the sentencing hearing.  In the letter, Attorney Rymsza summarized his post-hearing conversation with defendant.  The relevant portion of the letter stated:

> As we discussed, even though we may not like the ultimate sentence, I do not believe there are viable grounds for an appeal. . . . You did not indicate a desire to appeal.  Accordingly, I will not be filing an appeal in this case.  Should you differ with my assessment or change your mind, please contact me immediately so we may promptly discuss this matter.

(Jan. 29, 2008 Hr'g, Def. Ex. 1.)  Attorney Rymsza testified that he sent the letter to defendant immediately after the sentencing hearing as is his standard practice. (Tr. at 10.)  Second, Attorney Rymsza testified that he spoke with defendant and defendant's wife about the lack of meritorious grounds for appeal.  Attorney Rymsza further testified that, although he did not recall the specific substance of all his communications with defendant and defendant's wife, he most assuredly would have recalled a request by defendant that he file an appeal.  (Id. at 11.)  Finally, Attorney Rymsza acknowledged his duty to obey the wishes of his client and stated

---

[2]  Attorney Rymsza did not recall any such conversation with Charene. Responding to an inquiry about whether he "could recall having any conversations with [Charene] concerning an appeal," Attorney Rymsza testified, "No, I don't know if I ever had any."  (Tr. at 15.)

that he would have filed an appeal if defendant had asked him to do so, regardless
of his personal belief that there were no reasonable grounds for an appeal.  (Id. at
15.)

**II.    Discussion**

Defendant alleges that Attorney Rymsza provided ineffective assistance by
failing to file a notice of appeal at defendant's request and by failing to consult with
him regarding his appellate rights.  (Doc. 146.)  In Strickland v. Washington, 466
U.S. 668 (1984), the United States Supreme Court articulated the test for ineffective
assistance of counsel claims.  To prevail on an ineffective assistance claim, a
defendant must establish both: (1) that counsel's performance failed to meet
reasonable standards of professional conduct, and (2) that the defendant was
prejudiced by counsel's deficient performance.  Id. at 687-88, 692.  Where a
defendant asserts that his or her counsel was ineffective for failing to file a notice of
appeal, the court's analysis includes an additional layer of inquiry regarding the
clarity of the defendant's request to appeal.  It is well established that counsel is
presumed ineffective if counsel disregards a defendant's specific instructions to file
a notice of appeal.  See Solis, 252 F.3d at 293-94.  If, however, a defendant does not
expressly instruct counsel to file an appeal, counsel nonetheless may have a duty to
consult with the defendant on whether he or she desires to appeal.  Roe v. Flores-
Ortega, 528 U.S. 470, 480 (2000) (concluding that the right to appeal and the
conclusive prejudice that results from the loss of opportunity to appeal are
sufficiently significant to impose a duty to consult where it is unclear whether a

4

defendant wants to appeal).

In the instant case, it is undisputed that Attorney Rymsza did not file a notice of appeal.  (See Docs. 146 at 4, 151 at 6.)  Therefore, to determine whether this loss of opportunity to appeal rises to the level of constitutionally ineffective assistance, the court must decide whether defendant instructed Attorney Rymsza to file an appeal and, if not, whether Attorney Rymsza consulted with defendant to the satisfaction of Flores-Ortega.

### A.   Express Instruction by Defendant to File Notice of Appeal

Turning first to the issue of defendant's communications with Attorney Rymsza regarding his appellate rights, the court finds that defendant did not expressly request that Attorney Rymsza file a notice of appeal.  The three witnesses who testified at the evidentiary hearing agree that Attorney Rymsza discussed the unmeritorious nature of an appeal with defendant after the sentencing hearing and informed defendant that, if he sought to appeal, he must do so within ten days. Although the accounts diverge from there, the court finds Attorney Rymsza's testimony more credible in large part due to the corroborating documentary evidence he produced.  The letter produced by Attorney Rymsza is the lone piece of non-testimonial evidence on the disputed question of whether defendant requested an appeal.  The letter unequivocally confirms that defendant did not express an interest in filing an appeal during his post-sentencing conversation with Attorney Rymsza.  It also clearly informs defendant that an appeal could still be filed if he

5

contacted Attorney Rymsza immediately.[3]  The letter evidences Attorney Rymsza's

attention to detail and careful record-keeping and demonstrates that he possesses

the skill and dedication required of a successful criminal defense attorney.

Accordingly, the court finds his testimony to be highly credible and is especially

persuaded by his acknowledgment that he would have been duty-bound to file an

appeal had defendant asked him to do so.

Unlike Attorney Rymsza's testimony, defendant's testimony is not only

unsubstantiated by documentary evidence but also riddled with contradictions.

Defendant testified that he told Attorney Rymsza to file an appeal while in the

holding cell after the conclusion of the sentencing hearing.  (Tr. at 32.)  However,

defendant's rendition of his conversation with Attorney Rymsza contradicts this

statement and confirms that he did not give Attorney Rymsza a direct, verbal

---

[3]  Defendant testified that Attorney Rymsza's letter was sent in response to a letter that defendant had previously written to Attorney Rymsza instructing him to file a notice of appeal.  (Tr. at 32.)  Defendant's specious suggestion is undermined by the fact that Attorney Rymsza's letter is dated a mere two days after the sentencing hearing, making it virtually impossible for Attorney Rymsza to have previously received a letter sent by defendant through the heavily-regulated prison mail system.

instruction to file a notice of appeal.[4]  The remainder of defendant's testimony is

irrelevant to the question before the court because it focuses on defendant's

conduct after the expiration of the ten-day period during which an appeal could

have been timely filed.  Defendant repeatedly testified that he sent letters and

placed telephone calls to Attorney Rymsza, asking him to file an appeal.  (Id. at 32-

33, 35, 38-39,43, 45-47.)  Defendant testified that he made these communications

while he was incarcerated at either the Federal Corrections Institution at

Allenwood ("FCI-Allenwood") or the Federal Corrections Institution at Schuylkill

("FCI-Schuylkill").  (Tr. at 44-47.)  The evidence of record clearly establishes that

defendant was not transferred to FCI-Allenwood or to FCI-Schuylkill until long

after the ten-day period for timely appeal had expired.  (See Jan. 29, 2008 Hr'g Tr.,

Gov't Ex. 1.)  Given these temporal inconsistencies, the purported letters and

telephone calls that defendant referenced during the hearing could not have

---

[4]  The relevant portion of the evidentiary hearing transcript provides, in
pertinent part, as follows:

Q:     And then on the sentencing date itself, April 10th, did you have
       any discussions about appeals?

A:     Yes, we did.  I also said it when I was sitting over there before I
       was leaving, I said you gonna put it through, he said I'll talk to
       you when we get upstairs, and briefly when we was in the
       bullpen like for three or four seconds, they was rushing me to
       take us back, he came and said oh, my god, I don't know what to
       say, I said well, what about the appeal, I would like you to file an
       appeal, he said I have no strong grounds to appeal.  *I said huh,
       and so – and that was it.*

(Tr. at 31-32 (emphasis added)).

triggered a duty to appeal on the part of Attorney Rymsza.

For the aforementioned reasons, the court affords defendant's testimony little, if any, evidentiary value[5] and finds credible Attorney Rymsza's testimony that defendant never expressly requested that he file an appeal.  Accordingly, the court will deny defendant's motion to the extent that his claim of ineffective assistance is premised on Attorney Rymsza's failure to file a notice of appeal.

### B.    Duty to Consult

The court's conclusion that defendant did not expressly instruct Attorney Rymsza to file a notice of appeal does not end the court's inquiry.  The court must also consider whether Attorney Rymsza had an independent duty to consult with defendant about his right to appeal and, if so, whether he fulfilled that duty.

In the absence of a direct instruction from a client to file an appeal, counsel may have a duty to consult with the client regarding whether to appeal.  Flores-Ortega, 528 U.S. at 480.  The duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Id.  If this duty arises, it requires "advising the defendant about the advantages and

---

[5]  While defendant proffers the testimony of his wife in support of his contention that he clearly sought an appeal, the court affords her testimony no evidentiary value because it is contradicted by Attorney Rymsza's testimony that he did not recall such a conversation and by his carefully-maintained records in support thereof.  (Tr. at 15.)

disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478. Because the court concludes that Attorney Rymsza's actions in this case satisfy this duty to consult, the court need not decide the antecedent question of whether the duty attached.

It is undisputed that Attorney Rymsza discussed the merits of appeal with defendant after sentencing. (See Tr. at 10, 32.) Attorney Rymsza reinforced his conversation with defendant by sending a letter in which he again stated that he did not see any meritorious grounds for appeal. (Id.) Based upon the aforementioned facts, the court concludes that Attorney Rymsza fulfilled his duty to consult with defendant by "advising [him] about the advantages and disadvantages of taking an appeal" and undertaking a "reasonable effort to discover [his] wishes." Flores-Ortega, 528 U.S. at 478. Accordingly, the court will deny defendant's motion to the extent it is premised on an alleged violation by Attorney Rymsza of the duty to consult.

III.   **Conclusion**

For the foregoing reasons, defendant's motion (Doc. 146) will be denied. An appropriate order will issue.

 /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: March 17, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0335** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **RICHARD SOTO** | : | |

## <u>ORDER</u>

AND NOW, this 17th day of March, 2008, upon consideration of the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 146), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 146) is DENIED.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge